_____

No. 96-1773ND

_____

Young America, Inc.,                    *
                                        *
              Appellee,                 *    Appeal from the United States
                                        *    District Court for the District
       v.                               *    of North Dakota.
                                        *
Union Central Life Insurance            *
Company,                                *
                                        *
              Appellant.                *

_____

Submitted:  November 21, 1996

Filed:  November 29, 1996

_____

Before FAGG, WOLLMAN, and HANSEN, Circuit Judges.

_____

FAGG, Circuit Judge.


     In 1981, Manhattan Life Insurance Company sold a group term life
insurance policy to a business owned by the Fink family, Young America,
Inc.  As part of Young America's welfare benefit package, the policy is
governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-
1461 (1994) (ERISA).  Corporate officers Selma and Robin Fink were intended
insureds under the policy.  In 1988, Union Central Life Insurance Company
purchased Manhattan Life.  Union Central notified Young America that the
Manhattan Life policy was terminated, Union Central had issued a new
policy, and eligibility requirements remained the same.

     After the 1991 death of Stanley Fink, Young America's chief executive
officer and Selma Fink's spouse, Union Central refused to pay life
insurance benefits because Stanley was not an active, full-time employee
at the time of his death.  Union Central asserts

that both the Manhattan Life and Union Central policies required active, full-time employment in addition to status as a corporate officer. The Union Central policy states, "[N]o corporate officer or director will be eligible [for life insurance] solely due to his or her title. . . . All of these persons must be active full-time employees to be eligible." Similarly, the Manhattan Life policy only insured "individuals" who were "actively perform[ing] . . . services . . . on a full-time basis consisting of at least a 5-day week of at least 30 total hours at [Young America's] regular place of business." In an earlier lawsuit, we held Union Central did not abuse its discretion in denying benefits for Stanley Fink. Fink v. Union Central Life Ins. Co., 94 F.3d 489, 491 (8th Cir. 1996).

Young America later requested the return of premiums paid on behalf of Selma and Robin Fink, claiming Young America had paid the premiums under the mistaken belief that Selma and Robin were eligible insureds as corporate officers regardless of whether they were active, full-time employees. Union Central canceled the policy in 1994, and offered to refund one year's premiums. Young America rejected the offer and brought this action seeking recovery of all the premiums paid between 1981 and 1994. Union Central moved for summary judgment, contending Young America cannot recover more than one year's premiums under the policy's one-year limit on premium refunds for erroneous continuation of insurance on living persons. Before Young America responded, the district court granted summary judgment to Young America, holding Young America was entitled to recover premiums under the federal common law of ERISA. The district court concluded the insurance policy's one-year limit on refunds was arbitrary and capricious and ordered Union Central to refund all premiums paid by Young America between 1981 and 1994. Union Central appeals. We affirm in part and remand in part.

At the outset, we agree with the district court that an

employer has a federal common law action for restitution of mistakenly made payments to an ERISA plan.  See <u>UIU Severance Pay Trust Fund v. Local Union No. 18-U</u>, 998 F.2d 509, 512-13 (7th Cir. 1993); <u>Whitworth Bros. Storage Co. v. Central States, S.E. & S.W. Areas Pension Fund</u>, 982 F.2d 1006, 1016 (6th Cir. 1993); <u>Jamail, Inc. v. Carpenters Dist. Council</u>, 954 F.2d 299, 304-05 (5th Cir. 1992); <u>Kwatcher v. Massachusetts Serv. Employees Pension Fund</u>, 879 F.2d 957, 966-67 (1st Cir. 1989); <u>Plucinski v. I.A.M. Nat'l Pension Fund</u>, 875 F.2d 1052, 1053, 1057-58 (3d Cir. 1989); <u>Dumac Forestry Servs., Inc. v. International B'hood of Elec. Workers</u>, 814 F.2d 79, 82-83 (2d Cir. 1987).  This principle encompasses restitution of insurance premiums mistakenly paid for employees who are not eligible for insurance.  See <u>Construction Indus. Retirement Fund v. Kasper Trucking, Inc.</u>, 10 F.3d 465, 467 (7th Cir. 1993).  Restitution is granted when the remedy is equitable under the circumstances.  See <u>UIU Severance Pay Trust Fund</u>, 998 F.2d at 513 (listing factors).

Union Central contends the district court improperly found that restitution is appropriate in this case.  Union Central complains the district court failed to make specific findings about certain equitable factors: whether laches bars the claim for a refund, whether the Finks were attempting to defraud the insurance fund by obtaining insurance for ineligible persons, and whether a refund would harm the insurance fund's actuarial soundness.

We reject Union Central's contention.  The district court examined the situation and decided the undisputed facts in the record supported an award refunding mistaken premium payments to Young America.  There is no genuine issue of material fact about whether Young America paid premiums for life insurance coverage under the mistaken belief that Selma and Robin Fink were eligible insureds.  Union Central did not dispute that Young America was mistaken about eligibility, or that Selma and Robin were ineligible when Union Central canceled the policy.  Indeed, Union Central

offered to refund one year of premiums paid to insure Selma and Robin Fink. We agree with the district court that Young America is entitled to restitution.

The appropriate amount of restitution is unclear, however. According to Union Central, "[I]t appears that [Selma and Robin] were eligible insureds at some point between 1981 and 1994" as active, full-time employees, and thus, Young America should not receive a refund of premiums paid during the time Selma and Robin were actually insured. This may be correct. In its statement of material facts supporting its summary judgment motion, Union Central asserts Selma and Robin are former full-time employees of Young America. The record shows that at one time, Robin was employed as an assistant manager at Young America, and Selma was Young America's buyer for several years during the 1980's. The record does not reflect whether these jobs involved more than thirty hours of work per week or satisfied the other requirements of active, full-time employment. We simply cannot tell whether Selma and Robin were actually insured anytime between 1981 and 1994. The district court apparently did not consider this possibility, so we remand for resolution of this issue. Premiums for any periods of coverage were not mistakenly paid and should not be refunded. See Construction Indus. Retirement Fund, 10 F.3d at 467 (despite lack of claims, restitution of health insurance premiums inappropriate because employees received coverage).

Union Central also contends the district court committed error in finding the plan's one-year limit on premium recovery is arbitrary and capricious. The limiting provision states, "If a person's insurance is continued in error beyond the date it should have terminated, . . . the Insurer will declare it void and premiums paid on or after that date will be refunded. However, refund is limited to a period of 12 consecutive months for a living person." If Selma and Robin Fink were not active, full-time employees of Young America at any time, the limit may not apply

because Selma and Robin were never insured in the first place, and thus, their insurance was not "continued in error." If Selma and Robin were once insured but later became ineligible because they no longer worked full time, Union Central would be unjustly enriched if allowed to retain the mistakenly paid premiums. See Whitworth Bros. Storage Co., 982 F.2d at 1013. Further, Young America's policy was in effect for several years without any limit on refunds, then the limit was added in 1990 and applied retroactively. See Jamail, 954 F.2d at 305-06. We agree with the district court that under the circumstances of this case, Union Central's one-year limit on premium refunds is arbitrary and capricious. See Whitworth Bros. Storage Co., 982 F.2d at 1013; Jamail, 954 F.2d at 305-06.

In sum, we affirm the district court's holding that the common law of ERISA provides an employer with an action for a refund of mistakenly paid insurance premiums, and that a refund to Young America is equitable in this case. We remand for further proceedings on the amount of Young America's refund.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.